UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GAIL BECNEL, CARL J. BECNEL. JR. AND DAVID BECNEL, INDIVIDUALLY AND ON BEHALF OF CARL BECNEL, SR., DECEASED<br>      **Plaintiffs**<br>VERSUS<br><br>ANCO INSULATIONS, INC., OWENS-ILLINOIS, INC., COMMERCIAL UNION INSURANCE COMPANY, EAGLE, INC., HOPEMAN BROTHERS, INC., THE McCARTY CORPORATION, NORTHROP GRUMMAN SHIP SYSTEMS, INC. (F/K/A AVONDALE INDUSTRIES, INC.), REILLY-BENTON CO., INC., RILEY POWER, INC., VIACOM, INC., JAMES O'DONNELL, Deceased, HIGHLANDS INSURANCE COMPANY, ONEBEACON INSURANCE GROUP, INDIVIDUALLY AND AS SUCCESSOR BY MERGER TO COMMERCIAL UNION INSURANCE COMPANY, THE TRAVELERS INSURANCE COMPANY, AMERICAN MOTORISTS INSURANCE COMPANY<br>      **Defendants.** | * * * * * * * * * * * * * * * * * * * * * * * * * * * | CIVIL ACTION NO. _____<br><br><br><br><br>SECTION_____<br><br><br><br>MAGISTRATE JUDGE_____ |

## NOTICE OF REMOVAL

To:  The Honorable Judges
   of the United States District Court
   for the Middle District of Louisiana

Defendants, Northrop Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc., and Commercial Union Insurance Company, and American Motorists Insurance Company, in their capacities as the alleged insurers of James O'Donnell, a deceased executive officer of Avondale Industries, Inc. (collectively, the "Avondale Interests"), pursuant to 28 U.S.C §§ 1441, 1442 and 1446, notice the removal of the above-entitled action bearing number 566-252 on the docket of the

1

19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (hereinafter the "State Case") to the United States District Court for the Middle District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and under an officer of the United States pursuant to 28 U.S.C. § 1442. The grounds for removal are as follows:

1.

Venue of the removed action is proper in this Court as it is the district court for the district where the State Case is pending, pursuant to 28 U.S.C. § 1441(a).

2.

Northrop Grumman, Commercial Union, and American Motorists Insurance Company are named defendants in the State Case, which was served on them on or after April 24, 2008. This Notice of Removal is therefore timely filed because it is being filed within thirty (30) days after service of process setting forth the claim for relief upon which the instant action is based. *See* 28 U.S.C. § 1446 (b); *Murphy Bros., Inc v Michetti Pipe Stringing, Inc*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

3.

A copy of the Petition is attached hereto as Exhibit "A."

4.

According to the Petition, plaintiffs, Gail Becnel, Carl J. Becnel, Jr. and David Becnel, allege that their husband and father, Carl Becnel, Sr., contracted and died of an asbestos related disease after being exposed to asbestos while working at Avondale Shipyards between 1965 and 2004.

5.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). Assuming *arguendo* that Carl Becnel, Sr. was exposed to asbestos from Avondale's facility, the use of asbestos-containing materials at that facility was required and controlled by officers of the United States.

6.

Defendants are raising colorable federal defenses to this action: first, under the jurisprudential doctrine known as the "Government Contractor Defense" and, second, under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Furthermore, a causal nexus exists between the claims made by the plaintiffs and the extent to which plaintiffs' alleged damages were brought about by officers of the United States government in compliance with federal law.

7.

From 1951 throughout the 1970's and thereafter, the vessels constructed at Avondale pursuant to contracts executed between Avondale (on the one hand) and the United States government (on the other) (collectively the "Federal Vessels") constituted the bulk of the construction work performed at Avondale Shipyard which required the installation of asbestos-containing materials.

8

The Federal Vessels were constructed at Avondale pursuant to mandatory terms, conditions, and specifications established by the United States government, including the United States Navy, the United States Coast Guard and the Maritime Administration, and under the direct supervision and monitoring of representatives of the United States government, which representatives commanded an immediate and constant presence at the Avondale shipbuilding facilities during

construction and testing.

9.

The materials used in the construction of the Federal Vessels -- specifically including asbestos-containing materials -- were in fact the kind, type, and brand of materials specifically mandated by the shipbuilding contracts between Avondale and the United States government, and by the incorporated military specifications and government-approved materials lists, plans and specifications for the construction of the Federal Vessels.

10.

The ship-building process -- specifically including the application, use, and handling of asbestos-containing materials -- was monitored and enforced by inspectors and other representatives of the United States government on a day-to-day and job-specific basis.

11.

The United States government also promulgated specific safety rules, regulations, requirements, and precautions for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh-Healy Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which regulations set safety standards to meet the provisions of the Longshoremen's and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during Federal Vessel construction. United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

12.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

13.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United States government prior to the commission of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

14.

Northrop Grumman, Commercial Union, and American Motorists Insurance Company qualify as persons "acting under any officer of the United States or any agency thereof" pursuant to 29 U.S.C. § 1442(a)(1) and the State Case is therefore removable to this Court because Northrop Grumman, Commercial Union, and American Motorists can raise, as federal defenses, immunity under the "Government Contractors Defense" and under the LHWCA *Boyle v. United States Technologies, Inc.*, 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988); *Niemann v. McDonnell Douglas Corp.*, 721 F.Supp. 1019 (S.D. Ill. 1989); *Pack v. A.C. and S., Inc.*, 838 F.Supp. 1099 (D. Md. 1993); *and Lalonde v. Delta Field Erection*, C.A. No. 96-3244-B-M3, 1998 WL 34301466 (M.D. La. August 5, 1998), *Melford v. Territo*, No. 05-1405 (M.D. La. Jan. 31, 2006); and *McFarlain v. Northrop Grumman Systems Corp*, No. 05-1506-JJB-SCR (M.D. La. Feb. 7, 2006); and *Kluka v. ANCO Insulations, Inc.*, No. 08-84-JJB-SCR (M.D. La. Apr. 28, 2008).

15.

Removal under 28 U.S.C. § 1442 does not require the consent of any served defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. And Indem. Co.*, 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian*, 477 F.Supp. 610 (D.C. Ind. 1979), aff'd, 723 F.2d 913 (7th Cir. 1983).

16.

Concurrent with the filing of this Notice of Removal, written notices have been given to all adverse parties, and a copy of this Notice of Removal is being filed with the Clerk of Court, 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**WHEREFORE**, Northrop Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc., and Commercial Union Insurance Company, and American Motorists Insurance Company, in their capacities as the alleged insurers of James O'Donnell, a deceased executive officer of Avondale Industries, Inc. hereby give notice that the proceeding bearing number 566-252 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana is removed therefrom to the docket of this Honorable Court for trial and determination as provided by law.

**WHEREFORE**, Northrop Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc., and Commercial Union Insurance Company, and American Motorists Insurance Company, in their capacities as the alleged insurers of James O'Donnell, a deceased executive officer of Avondale Industries, Inc. further pray that this Honorable Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and thereupon proceed with this civil action as if it had originally commenced in this Court.

Respectfully Submitted,

s/Samuel M. Rosamond, III
**Samuel M. Rosamond, III, La. Bar No. 17122**
**Adam D. deMahy, La. Bar No. 29826**
**Crawford Lewis, PPLC**
400 Poydras Street, Suite 2100
New Orleans, LA 70130
Telephone: (504) 568-1933
Facsimile: (504) 568-9699
e-mail: srosamond@crawfordlewis.com
ademahy@crawfordlewis.com
**Attorneys for Commercial Union Insurance Company**

*and*

_s/Brian C. Bossier
**Brian C. Bossier, La. Bar No. 16818**
**Edwin A. Ellinghausen, III, La. Bar No. 1347**
**Christopher T. Grace, III, La. Bar No. 26901**
**Blue Williams, L.L.P.**
3421 North Causeway Boulevard, 9th Floor
Metairie, LA 70002
Telephone: (504) 831-4090
Facsimile: (504) 849-4091
e-mail: bbossier@bluewilliams.com
ellinghausen@bluewilliams.com
cgrace@bluewilliams.com
**Attorneys for Northrop Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc. and American Motorists Insurance Company**

**CERTIFICATE OF SERVICE**

I hereby certify that on 23 May 2008, a copy of the foregoing NOTICE OF REMOVAL was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that I have faxed or mailed by United States Postal Service, this filing to the following:

| | | |
|---|---|---|
| Gordon Wilson | Edwin Ellinghausen | Michelle Crosby |
| Theodore White | R. Dean Church | Thomas Balhoff |
| Susan Kohn | Blaine Moore | R. Mark Willingham |
| Cameron Waddell | Margaret Joffe | |

7

_s/Samuel M. Rosamond, III_____
**Samuel M. Rosamond, III, La. Bar No. 17122**
**Adam D. deMahy, La. Bar No. 29826**
**Crawford Lewis, PPLC**
400 Poydras Street, Suite 2100
New Orleans, LA  70130
Telephone: (504) 568-1933
Facsimile: (504) 568-9699
e-mail: srosamond@crawfordlewis.com
ademahy@crawfordlewis.com
**Attorneys for Commercial Union Insurance Company**