**NORTHROP GRUMMAN**

Northrop Grumman Corporation
P. O. Box 50280
New Orleans, LA 70150-0280

J. Thomas Hamrick, Jr.
Telephone: (504) 654-5720
Facsimile: (504) 654-5432
E-Mail: Tom.Hamrick@ngc.com

May 2, 2008

Commercial Union Insurance Co.
Samuel M. Rosamond III, Esq.
Crawford & Lewis
400 Poydras St., Suite 2100
New Orleans, LA 70130

Travelers Insurance Co.
Gordon P. Wilson, Esq.
Lugenbuhl Wheaton
601 Poydras Street, Suite 2775
New Orleans, LA 70130-6097

> **Re:** ***Gail Becnel v. Anco Insulations, Inc. et al***
> **19th JDC for the Parish of East Baton Rouge**
> **No. 566,252**
> **NG Matter No. 2008-0567**

Gentlemen:

The enclosed Petition for Damages entitled *Gail Becnel et al v. Anco Insulations, Inc. et al* was served on Northrop Grumman Ship Systems, Inc. and on Northrop Grumman Systems Corporation on April 24, 2008 through CT Corp.

While the complaint does not name Peter Territo as a defendant (see Exhibit B), he is listed among the deceased executive directors insured by Commercial Union. We hereby give notice of the claims against NGSS under all applicable policies and request that you defend and indemnify the interests of Northrop Grumman in this matter.

Yours very truly,

J. Thomas Hamrick, Jr.

Enclosure
cc:     Brian C. Bossier, Esq. (w/o encl.)

*mail to Sybille Kelly Kurt*

**CT** CORPORATION
A WoltersKluwer Company

*Judy —*
*please handle*

**Service of Process
Transmittal**
04/24/2008
CT Log Number 513354881

TO: Joseph Costello, Asst. Gen. Csl.
Northrop Grumman Systems Corporation
1840 Century Park East
Los Angeles, CA 90067-2199

RE: **Process Served in Louisiana**

*APR 28 2008*

FOR: Northrop Grumman Corporation (Former Name) (Domestic State: DE)
Northrop Grumman Systems Corporation (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gail Becnel, et al., Petitioners vs. Anco Insulations, Inc., et al. including Northrop Grumman Ship Systems Corporation f/k/a Northrop Grumman Corporation, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Exhibits |
| **COURT/AGENCY:** | 19th Judicial District Court, Parish of East Baton Rouge, LA Case # 566,252 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/24/2008 at 11:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after you have received these documents |
| **ATTORNEY(S) / SENDER(S):** | Jody E. Anderman LeBlanc & Waddell, LLP 6955 Perkins Road Suite 100 Baton Rouge, LA 70809 225-768-7222 |
| **ACTION ITEMS:** | Telephone, Teresa Hight , 310-201-3147 *Left voice mail at 8:00 p.m.* SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 798927845051 |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Lisa Uttech 5615 Corporate Blvd Suite 400B Baton Rouge, LA 70808 |
| **TELEPHONE:** | 225-922-4490 |

Page 1 of  1 / LU

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2425-08-000248

# CITATION

GAIL BECNEL, ET AL
(Plaintiff)

NUMBER C566252 SECTION 25

vs.

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

ANCO INSULATIONS, INC., ET AL
(Defendant)

STATE OF LOUISIANA

TO: *NORTHROP GRUMMAN SHIP SYSTEMS CORPORATION*
F/K/A NORTHROP GRUMMAN CORPORATION,
SUCCESSOR BY MERGER TO AVONDALE INDUSTRIES, INC.
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
C.T. CORPORATION SYSTEMS

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 22-APR-2008.

Dianna J. Mahan/Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: JODY EDWARD ANDERMAN

*The following documents are attached:
PETITION FOR DAMAGES

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20_____.

SERVICE: $_____
MILEAGE $_____
TOTAL: $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION - 2425

RECEIVED

APR 2 3 2008

E.B.R. SHERIFF'S OFFICE

**Service of Process Transmittal**
04/24/2008
CT Log Number 513354880

TO:   Joseph Costello, Asst. Gen. Csl.
      Northrop Grumman Systems Corporation
      1840 Century Park East
      Los Angeles, CA 90067-2199

RE:   **Process Served in Louisiana**

                                                        *APR 28 2008*

FOR:  Northrop Grumman Ship Systems, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gail Becnel, et al., Petitioners vs. Anco Insulations, Inc., et al. including Northrop Grumman Ship Systems, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Exhibits |
| **COURT/AGENCY:** | 19th Judicial District Court, Parish of East Baton Rouge, LA
Case # 566,252 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/24/2008 at 11:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after you have received these documents |
| **ATTORNEY(S) / SENDER(S):** | Jody E. Anderman
LeBlanc & Waddell, LLP
6955 Perkins Road
Suite 100
Baton Rouge, LA 70809
225-768-7222 |
| **ACTION ITEMS:** | Telephone, Teresa Hight , 310-201-3147
*Left voice mail at 8:00 p.m.*
SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798927645051 |
| **SIGNED:**
**PER:**
**ADDRESS:**


**TELEPHONE:** | C T Corporation System
Lisa Uttech
5615 Corporate Blvd
Suite 400B
Baton Rouge, LA 70808
225-922-4490 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 4 of 36

2425-08-000247

# CITATION

GAIL BECNEL, ET AL
(Plaintiff)

vs.

ANCO INSULATIONS, INC., ET AL
(Defendant)

NUMBER  C566252 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO: *NORTHROP GRUMMAN SHIP SYSTEMS, INC.,*
SUCCESSOR BY MERGER TO AVONDALE INDUSTRIES, INC.
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
C.T. CORPORATION SYSTEMS

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 22-APR-2008.

*Dianna J. Mahan, Deputy Clerk of Court for*
Doug Welborn, Clerk of Court

Requesting Attorney: JODY EDWARD ANDERMAN

*The following documents are attached:
PETITION FOR DAMAGES

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____ , served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20_____.

| | | |
|---|---|---|
| SERVICE: | $_____ | |
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL: | $_____ | Parish of East Baton Rouge |

RECEIVED

CITATION - 2425

APR 2 3 2008

E.B.R. SHERIFF'S OFFICE

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 5 of 36

STATE OF LOUISIANA

NO. 566,258                SECTION " 25 "                DIVISION " "

GAIL BECNEL, CARL BECNEL, JR., AND DAVID BECNEL,
INDIVIDUALLY AND ON BEHALF OF
CARL BECNEL, SR., DECEASED

VERSUS

ANCO INSULATIONS, INC., ET AL

FILED: _____        _____

DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come the petitioners, GAIL BECNEL, CARL BECNEL, JR., AND DAVID BECNEL,, (hereinafter referred to as "Plaintiffs"), individually and on behalf of CARL BECNEL, SR., Deceased, (hereinafter referred to as "Decedent") whose names and residences are shown on Exhibit "A" which is attached hereto and incorporated herein, who file this Petition for Damages:

1.      Decedent had substantial exposure to Defendants' asbestos-containing products at the location(s) described in Exhibit "A" and Exhibit "E".

2.      The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3.      The Defendants, identified in Exhibit "B," Exhibit "C," Exhibit "D" and Exhibit "E" are all either: (a) foreign corporations licensed to do and doing business in the state of Louisiana, (b) domestic corporations licensed to do business and doing business in the state of Louisiana, (c) individuals who are domiciled in this state, (d) individuals who are not domiciled in this state, or (e) foreign or alien insurers, that are liable to the Plaintiffs for the claims asserted herein.

4.      Each Defendant corporation and/or its predecessor-in-interest is, or at times material hereto, has been engaged in the mining, processing, manufacturing, installation, removal, maintenance, sale and/or distribution of asbestos asbestos-containing products, and/or machinery requiring or calling for the use of asbestos

and/or asbestos-containing products (hereinafter collectively referred to as "asbestos-containing products"), or held themselves out as manufacturers of such products or were professional vendors of such products.

5.     Decedent worked with and/or was exposed to asbestos-containing products while working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the state of Louisiana and elsewhere in the United States. Decedent's work sites, trades and years of exposure to asbestos include, but are not limited to those identified in Exhibit "A" and/or Exhibit "E." Decedent has been exposed, on numerous occasions, to asbestos and/or asbestos-containing products produced, manufactured, installed, removed, maintained, sold, and/or distributed by Defendants and, in so doing, has inhaled significant quantities of asbestos fibers, and as a result has suffered injuries proximately caused by such exposure.

6.     Decedent was exposed to asbestos or asbestos-containing products in occupation(s) including, but not limited to, those set forth in Exhibit "A." The conduct of each Defendant was a substantial contributing factor in causing Decedent's injuries, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

<u>VENUE</u>

7.     The defendants, Anco Insulations, Inc., Riley Power, Inc., and The McCarty Corporation are domestic corporations with principal places of business located in this Parish. Decedent was exposed to products, distributed and installed by the above-referenced defendants at the work sites in Exhibit "A" and/or Exhibit "E." Plaintiffs specifically allege that these products, in combination with other asbestos-containing products, caused Decedent's asbestos-related injuries. Pursuant to Louisiana Code of Civil Procedure art. 42(2), venue is proper as to these defendants in this Parish

8.     Each of the defendants listed in Exhibit "B," Exhibit "C," Exhibit "D" and Exhibit "E" contributed with Anco Insulations, Inc., Riley Power, Inc., and The McCarty Corporation, to Decedent's exposure to asbestos at his work sites, including but not limited to, the exposure sites located on Exhibit "A" and/or Exhibit "E". Each of these

2

defendants is liable in solido, with Anco Insulations, Inc., Riley Power, Inc., and The McCarty Corporation to the Plaintiffs. Thus, venue proper for these defendants is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

## BACKGROUND

9. During Decedent's occupational exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products set forth below and identified on Exhibit "B":

| Defendant | Asbestos-Containing Products |
|---|---|
| Anco Insulations, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Eagle, Inc. (Formerly Eagle Asbestos & Packing Co., Inc.) | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Reilly-Benton Co., Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| The McCarty Corporation | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |

Each of the foregoing asbestos containing products was used at Decedent's jobsites listed on Exhibit "A" and/or Exhibit "E" where Decedent was exposed to such asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

10. When inhaled or otherwise ingested, asbestos causes irreparable and

3

progressive damage that can manifest itself as asbestos-related pleural diseases, such as asbestosis, lung cancer and mesothelioma, pulmonary and bronchogenic carcinomas, gastrointestinal cancers, cardiac diseases, and other diseases and injuries.

11.    Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Decedent, of the health hazards inherent in the asbestos-containing products they were selling.  Instead of warning the Decedent and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.  Those defendants who have engaged in intentional misconduct, fraud, or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

12.    In connection with their work at, including but not limited to, Decedent's jobsites listed on Exhibit "A" and/or Exhibit "E" during the exposure period, the Decedent was exposed to and inhaled or otherwise ingested significant quantities of asbestos having neither knowledge nor reason to believe that these materials were dangerous.

13.    As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at, including but not limited to, the exposure sites on Exhibit "A" and/or Exhibit "E." Decedent has received injuries, both physically and mentally, including, without limitation, (i) mesothelioma; (ii) and mental anguish associated with the preceding conditions, and with the fear of developing the preceding conditions.

4

14.    Because of the latency period of the above injuries and other injuries caused by asbestos and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, the Decedent has only recently discovered his injuries, and not more than one year preceding this filing of this initial Petition for Damages.

## COUNT ONE

### NEGLIGENCE
("Defendants" in this count means all Defendants, except for the Premise Defendants, Employer Defendants, and Executive Officer Defendants listed on Exhibits "D" and "E")

15.    The illnesses and disabilities of Decedent are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold and/or otherwise put into the stream of commerce asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Decedent's health and well-being.   The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Decedent's illnesses and disabilities:

(a)    failing to timely and adequately warn Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos and/or asbestos-containing products;

(b)    failing to provide Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Decedent from being harmed and disabled by exposure to asbestos and/or asbestos-containing products;

(c)    failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, to warn of the dangers to health of coming into contact with said asbestos or asbestos-containing products and/or machinery;

(d)    failing to take reasonable precautions or exercise reasonable care to

Case 3:08-cv-00315-FJP-DLD   Document 1-1    05/23/08   Page 10 of 36

publish, adopt and enforce a safety plan and/or safe method of handling, installing, and/or using or removing asbestos and/or asbestos-containing products;

(e)   failing to develop and/or use a substitute material to eliminate asbestos fibers in the asbestos-containing products;

(f)   failing to properly design and manufacture asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)   failing to properly test asbestos-containing products before they were released for consumer use; and

(h)   failing to recall and/or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

## COUNT TWO

### STRICT LIABILITY
("Defendants" in this count means all Defendants, except for the Premise Defendants, Employer Defendants, and Executive Officer Defendants listed on Exhibits "D" and "E")

16.   All of the allegations contained in the previous paragraphs are realleged herein.

17.   Decedent was exposed to asbestos-containing products that were manufactured and distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations. The defective condition of the products rendered such products unreasonably dangerous, and the asbestos-containing products were in this defective condition at the time they left the hands of Defendants. Further, said products were unreasonably dangerous per se, unreasonably dangerous due to Defendants' failure to warn, and unreasonably dangerous due to a design defect.

18.   The Defendants are engaged in the business of selling asbestos-containing products, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Decedent.

6

19.     Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation, installation, operation, maintenance and/or repair of the asbestos-containing products.

20.     Decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation.

21.     During the periods that Decedent was exposed to the Defendants' asbestos-containing products, these asbestos-containing products were being used in a manner which was intended and/or reasonably foreseeable by Defendants.

COUNT THREE

STRICT LIABILITY
AND NEGLIGENCE AGAINST THE CONTRACTOR DEFENDANTS

22.     The Defendants contracted with the owners of the jobsites identified on Exhibit "A" to perform certain activities at those jobsites prior to and/or during each Decedent's exposure period at each such jobsite.

23.     At times, the Defendants subcontracted with others to perform a portion of the activities that they contracted with the owners of the jobsites identified on Exhibit "A" to perform.

24.     The activities conducted by the Defendants and/or their subcontractors, included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out, and use of asbestos-containing products at, on and/or for the jobsites identified in Exhibit "A."

25.     The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

26.     Decedent was exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of the Contractor Defendants and their subcontractors identified in Exhibit "C."

7

27.     The Contractor Defendants negligently performed and/or permitted their subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

(a)     By creating a work environment laden with asbestos dust and an unhealthy and unsafe place for Decedent to work;

(b)     By failing to provide warnings, or adequate warnings, to Decedent of the dangers and risks posed by the asbestos in the atmosphere in which Decedent worked; of the need for correct, adequate, and/or appropriate safety equipment; of critical medical and safety information regarding asbestos hazards in general and of hazards at the jobsite in particular; and of the hazards created by Defendants' activities;

(c)     By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

(d)     By failing to apprise Decedent of the need for periodic medical examinations as a result of Decedent's exposure to asbestos created by Defendants' activities;

(e)     By failing to ventilate and/or properly ventilate the areas in which Decedent performed activities, or otherwise provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

(f)     By failing to clean up and/or properly clean up the asbestos dust created by Decedent's activities;

(g)     By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Decedent, who came into contact with asbestos dust as a result of Decedent's activities;

(h)     By recklessly concealing from Decedent and negligently failing to provide critical medical and safety information to Decedent regarding the safety and health risks associated with the asbestos and asbestos-containing

8

products;

(i)    By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

(j)    By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

(k)    By failing to properly supervise and/or monitor their work areas for compliance with safety regulations;

(l)    By failing to supervise their operations and the operations of their subcontractors;

(m)    By commencing and continuing operations, which were under their control and supervision when they knew or should have known that such operations would cause Decedent and co-employees to be exposed to asbestos, without protection, on a daily basis;

(n)    By failing to timely, adequately and safely remove asbestos hazards from the workplace;

(o)    By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh-Healey Public Contracts Act and the Occupational Safety and Health Act);

(p)    By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that Defendants knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

(q)    By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the their activities;

(r)    By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

9

(s) By failing to purchase products and materials that did not contain asbestos;

(t) By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that contained asbestos;

(u) By failing to properly label products that they purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and tore out as containing asbestos; and

(v) By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

28.     The negligent acts outlined above were a substantial contributing factor in Decedent's exposure to dangerous and hazardous levels of asbestos, and resultant damages.

29.     The foregoing negligent acts of the Contractor Defendants were a cause-in-fact and proximate cause of the Decedent's injuries and damages.

30.     Additionally, the Contractor Defendants are liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

31.     Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants were in the care, custody and control of the Contractor Defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Decedent 's injuries.   Therefore, the Contractor Defendants are strictly liable for Plaintiffs' and Plaintiffs' Decedent's damages pursuant to Louisiana Civil Code article 2317.

32.     Additionally, when such contractors did not employ Decedent, Decedent was exposed to the asbestos containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced,

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 15 of 36

and torn out by the Contractor Defendants that were in the care, custody and control of the Contractor Defendants and were unreasonably dangerous due to the presence of asbestos.

COUNT FOUR

NEGLIGENCE OF PLAINTIFF'S EMPLOYERS/EMPLOYERS'
EXECUTIVE OFFICERS AND DIRECTORS
(As to Plaintiff's Employers/Employers' Executive Officers
and Directors only. "Defendants" in this
count means these Defendants only, as identified in Exhibit "D")

33.     Plaintiffs allege negligent, grossly negligent on behalf of Decedent's employers and employers' executive officers and directors, as identified in Exhibit "D," in failing to provide and/or ensure a safe workplace for their employees, free of hazardous concentrations of asbestos and asbestos-containing dust.

34.     At various times, Decedent was employed by the Defendant employers/officers/ directors and during such time were continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by Defendants.

35.     The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually and/or delegated to them for providing Decedent with a safe place to work and Defendants wantonly and/or negligently and/or willfully failed to provide Decedent a safe place to work.

36.     Decedent's employers delegated to the executive officers and directors, named on Exhibit "D," the responsibility to provide Decedent with proper supervision, safety instruction, warnings concerning dangers or hazards in the workplace, and generally to provide Decedent a safe workplace and to protect Decedent's life, health, safety and welfare while employed by the Defendant employers. Plaintiffs allege that the executive officers and directors had the following responsibilities delegated to them by their employer or actually undertook to perform the following duties:

(a)     inspection, approval and supervision of the work of Decedent and his co-employees;

11

(b)   to see that proper safety rules were adopted, promulgated, and enforced concerning the use of respiratory protection devices;

(c)   to see that Decedent and his co-employees performed the duties pertaining to their work in a proper, safe and workmanlike manner;

(d)   to see that Decedent and his co-employees used safe and sound principals and practices in their work;

(e)   to make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices;

(f)   to keep abreast of state of the art knowledge as it pertains to the dangers of asbestos inhalation;

(g)   to provide adequate warnings, physical examinations, safety equipment, ventilation, and breathing apparatus, where such was necessary in order to prevent Decedent from being harmed by exposure to asbestos in the environment which Decedent was required to work;

(h)   to make certain that employees, including Decedent, were provided a safe working environment free from asbestos dust inhalation;

(i)   to comply with applicable State and Federal regulations regulating workplace exposure to asbestos, including but not limited to those regulations promulgated by the U.S. Department of Labor pursuant to the Walsh/Healey Act and the Occupational Safety and Health Act; and

(j)   to provide Decedent with a safe place to work.

37.   Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Decedent by negligently performing duties owed individually and/or delegated to them, directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Decedent. The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Decedent s asbestos-related injuries, illnesses and disabilities:

12

(a) in failing to provide adequate safety equipment;

(b) in failing to protect Decedent from any asbestos exposure;

(c) in failing to provide Decedent sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d) in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e) in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Decedent's exposure to asbestos dust;

(f) in failing to properly perform safety inspections of the Decedent's work place;

(g) in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Decedent's work sites;

(h) in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i) in failing to properly perform or direct the removal and abatement of asbestos in place at Decedent's work sites; and

(j) in negligently failing to disclose, warn or reveal medical and safety information to Decedent regarding the hazards of asbestos.

38.     The negligence of Decedent's employers' executive officers and directors was a substantial factor and contributed in causing Decedent, Carl Becnel, Sr., to contract malignant mesothelioma.

<u>COUNT FIVE</u>

PREMISES LIABILITY
(As to Premises Liability Defendants only. "Defendants" in this case means these defendants only, as identified in Exhibit "E")

39.     Decedent was exposed to asbestos and asbestos-containing materials while working at the jobsites identified in Exhibit "A". The premise defendants

13

identified in Exhibit "E," at all times relevant to this complaint, have been either the operator and/or the manager and/or the owner and occupier of its respective facilities and in custody of the facilities during the relevant time period. The facilities were defective in that the asbestos and asbestos-containing materials in the facilities created an unreasonable risk of harm to the Plaintiff and other persons on the premises. Decedent was exposed to asbestos and asbestos-containing materials while he was an invitee at the premise defendants' facilities. The defective condition of the facilities was a proximate cause of the Decedent contracting malignant mesothelioma.

40.     The Premise Defendants are liable to Plaintiffs for its failure to exercise reasonable care to protect Decedent from the foreseeable dangers associated with exposure to asbestos.   The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees.  The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Decedent from said risk of harm.  The Premise Defendants' failure to protect Decedent, from known and/or foreseeable dangers constitutes negligence.   Said negligence was a proximate cause of Decedent, Carl Becnel, Sr., contracting malignant mesothelioma.

## COUNT SIX

## JOINT AND SOLIDARY LIABILITY

41.     All of the allegations contained in the previous paragraphs are realleged herein.

42.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Decedent.

43.     The actions of each of the Defendants is a proximate cause of Decedent's injuries.  As a result, all Defendants are jointly and solidarily liable for the damages caused by their combined actions.

14

## COUNT SEVEN

44.     All of the allegations contained in the previous paragraphs are realleged herein.

45.     Plaintiffs hereby assert the wrongful death action as the surviving heirs of Decedent, Carl Becnel, Sr.. The death of the Decedent was due to or a consequence of decedent's exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that was unreasonably dangerous per se; defective in composition or construction; defective in design; lacking suitable warnings or instructions concerning the hazards presented; and as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain of the defendants as alleged with more specificity in the prior petitions.  As a direct and proximate result of the delictual conduct of the defendants, the petitioners have lost the love, affection, society, support, services and future earnings of the decedent and all other damages due pursuant to La.C.C.Art. 2315.2, and asserts this wrongful death action against the defendants.

46.     The actions of each of the Defendants is a proximate cause of Decedent's injuries and death.  As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## COUNT EIGHT

47.     All of the allegations contained in the previous paragraphs are realleged herein.

48.     The Plaintiffs listed on Exhibit "A" are the statutory survivors of Decedent, Carl Becnel, Sr., and hereby assert this survival action pursuant to La.C.C.Art. 2315.1.

## DAMAGES

44.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and other related physical conditions of Decedent as set forth in Exhibit "A." Plaintiffs and Plaintiffs' Decedent have been damaged in the following non-exclusive particulars:

15

(a)    Decedent suffered great physical pain and mental anguish until the time
       of his death;

(b)    Plaintiffs have incurred hospital and/or medical and/or pharmaceutical
       and/or other expenses due to the progressively disabling character of
       asbestos-related lung disease, mesothelioma, and other related physical
       conditions from which Decedent suffered;

(c)    Decedent suffered physical impairment due to the disabling character of
       asbestos-related lung disease, mesothelioma and other related physical
       conditions;

(d)    Decedent suffered permanent partial disability due to the progressive
       character of asbestos-related lung disease, mesothelioma and other related
       physical conditions;

(e)    Decedent suffered a progressive loss of earning capacity;

(f)    Plaintiffs required domestic help and nursing care due to Decedent's
       disabilities and have been or will be required to pay for such domestic
       help and nursing services;

(g)    Prior to the onset of his symptoms, Decedent was extremely active and
       participated in numerous hobbies and activities, and as a result of his
       illness, Decedent was prevented from engaging in some of said activities
       which were normal to him prior to developing symptoms from asbestos-
       related lung disease.  Decedent was prevented from participating in and
       enjoying the benefits of a full and complete life;

(h)    Plaintiffs, have suffered and will suffer the loss of Decedent's services,
       consortium, financial support and the care and comfort of his society
       because of Decedent's asbestos-related injuries, disabilities, and death,
       and she has incurred expenses for medical and nursing attention rendered
       to her spouse, as well as for his funeral and burial;  and

(i)    Plaintiffs, as a direct and proximate result of the delictual conduct of the
       defendants, have lost the love, affection, society, support, services and

16

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 21 of 36

future earnings of the decedent and all other damages due pursuant to La.C.C.Art. 2315.2.

45. Plaintiffs filed suit within one (1) year of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action, as well as within one (1) year of the date of death of Decedent.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' filing of the lawsuit and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LeBLANC & WADDELL, LLP**
6955 Perkins Road, Suite 100
Baton Rouge, LA 70808
Tel: (225) 768-7222
Fax: (225) 768-7999

Cameron R. Waddell (Bar Roll No. 24245)
Jody E. Anderman (Bar Roll No. 18764)
Jo Ann Lea (Bar Roll No. 28860)
Christopher C. Colley (Bar Roll No. 30322)
Jason K. Placke (Bar Roll No.30019)
Christopher J. Corzo (Bar Roll No. 30451)



17

PLAINTIFFS:
Gail Becnel, surviving spouse of Decedent, Carl Becnel, Sr.
5404 Shamrops Dr.
Kenner, LA 70065
DOB:11/16/45
SSN: 438-64-xxxx

Carl Becnel, Jr. surviving adult son of Decedent, Carl Becnel, Sr.
500 Jeannette Dr.
Metairie, LA 70003
DOB:9/16/63
SSN: 437-90-xxxx

David Becnel, surviving adult son of Decedent, Carl Becnel, Sr.
1500 I-10 Service Road, Apt. 41
Slidell, LA 70461
DOB:7/6/69
SSN: 433-194-xxxx


Decedent, Carl Becnel, Sr's, principal trade or trades when exposed to asbestos:

    Electrician


Decedent, Carl Becnel, Sr's, principal site or sites of exposure to asbestos include, but are not limited to the following:

    Avondale Shipyard in Louisiana

Decedent, Carl Becnel, Sr's, years of exposure to asbestos include, but are not limited to the following:

    1965 through the 2004, approximately


Decedent, Carl Becnel, Sr's disease:

    Asbestos-related mesothelioma

18

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

5344996

5344996

**IMPORTANT:**
PRINT or TYPE, black ink
or ribbon mandatory

1205946

**STATE OF LOUISIANA**
**CERTIFICATE OF DEATH**

BIRTH No.                    FILE No. 117

| DECEDENT | LAST NAME OF DECEDENT: Becnel | FIRST NAME: Carl | MIDDLE NAME: Sylvester | DATE OF DEATH (Month, Day, Year): May 31, 2007 |
|---|---|---|---|---|
| | HOUR OF DEATH: 09:30 am | SEX: Male | RACE: White | HOSPITAL STATUS: Married | SURVIVING SPOUSE: Gail Maranto |
| | DATE OF BIRTH: July 09, 1939 | AGE: 67 | New Orleans, Louisiana |
| | USUAL OCCUPATION: Electrical Consultant | KIND OF BUSINESS/INDUSTRY: Shipping |
| | EVER IN U.S. ARMED FORCES: Yes | SOCIAL SECURITY NUMBER: 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 | EDUCATION: 12 |

PLACE OF DEATH: East Jefferson General Hospital
Metairie — Jefferson — Louisiana

RESIDENCE: 5404 Shamrons Dr — Jefferson — 70065 — Louisiana
Kenner

PARENTS: Becnel Edward Joseph — Franklin — Louisiana
Fenner Genevieve Ellen — New Orleans — Louisiana

INFORMANT: Mrs Gail A Becnel — 5404 Shamrons Dr, Kenner, LA 70065 — June 01, 2007

DISPOSITION: 06-04-2007 — Metairie Crematory — 2745 — U-1617
Lake Lawn Metairie Funeral Home — *Shawn Corners*
5100 Pontchartrain Blvd., New Orleans, LA 70124

REGISTRAR: 5271 001 — Jefferson — 06-04-2007 — *Darlene W Smith*

MANNER OF DEATH: Natural

CERTIFIER: 5/21/07 — 5/31/07 — 6/7/07
Matthew Schuette MD — 200 w Esplanade 3313 Kenner, LA 70065

CAUSE OF DEATH:
Pulmonary embolus
DUE TO (OR AS A CONSEQUENCE OF):
Mesothelioma
DUE TO (OR AS A CONSEQUENCE OF):

PHS 15 - (REV. 04/04)

OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF THE STATE OF LOUISIANA, PURSUANT TO LSA -- R.S.40:32, ET SEQ.

*Darlene W. Smith*

STATE REGISTRAR

JUN 1 3 2007



License No. 47209

# Certificate of Marriage

## State of Louisiana

## Parish of Orleans

This is to certify that I _____ Father L. T. Dark, c.s.c. _____, a _priest_

of the _Roman Catholic_ Church, by virtue of the license required by law did

on this _18th_ day of _August_, _1952_, A.D., unite in

## Holy Bonds of Matrimony

_Carl Sylvester Becnel_  
Groom

_Gail Ann Maranto_  
Bride

In testimony whereof I have caused the said parties with myself and three legal Witnesses, to sign these presents, the day and date aforesaid.

Witnesses:

_John A. Maranto_  
Signature of Witness

_Dale J. Suy_  
Signature of Witness

_Mary Ann Kelly_  
Signature of Witness

Parties:

_Carl S. Becnel_  
Signature of Groom

_Gail Ann Maranto_  
Signature of Bride

_Father Dark, csc_  
Signature of Officiant (Priest, Minister, etc.)

To Be Given to Bride and Groom

LaCO 1-29

CITY OF NEW ORLEANS
STATE OF LOUISIANA

## CERTIFICATE OF LIVE BIRTH

BIRTH
No. 137

SOUTHERN BAPT. HOSPITAL

SEP 26 1963

FOR BINDING AND DEATH USE ONLY

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE
ORIGINAL RECORD FILED AND RECORDED IN THE OFFICE OF
THE REGISTRAR OF BIRTHS, MARRIAGES, AND DEATHS
FOR THE PARISH OF ORLEANS AND CITY OF NEW
ORLEANS.

AUG 21

# CERTIFICATE OF LIVE BIRTH

Birth No. 117  6902696

**IMPORTANT:**
ck Ink or Typewriter
Use Mandatory By
Law.

**THIS CHILD**
(Type or print names.
Do not use numerals for
month of birth.)

| 1A. CHILD'S LAST NAME | 1B. FIRST NAME | 1C. SECOND NAME | 2A. DATE OF BIRTH | MONTH DAY |
|---|---|---|---|---|
| Bagnel | David | Lawrence | | July 6, 1 |

| 3. SEX—GIRL or BOY? | 4. THIS BIRTH | | | 5. IF TWIN OR TRIPLET, WAS CHILD BORN | | | 2B. HOUR OF BIRTH |
|---|---|---|---|---|---|---|---|
| Boy | Single ☒ | Twin ☐ | Triplet ☐ | 1st ☐ | 2d ☐ | 3d ☐ | 9:24 |

**PLACE OF BIRTH**

6A. PLACE OF BIRTH (CITY, TOWN, OR LOCATION)
Metairie, Louisiana

6B. PARISH OF BIRTH
Jefferson

6C. NAME OF HOSPITAL OR INSTITUTION—(IF NOT IN HOSPITAL OR INSTITUTION GIVE STREET ADDRESS OR LOCATION)
Lakeside Hospital, Inc.

6D. IS PLACE OF BIRTH INSIDE CITY LIMITS? Yes ☐

**USUAL RESIDENCE OF MOTHER**
(Where does mother live?)

7A. USUAL RESIDENCE OF MOTHER (CITY, TOWN OR LOCATION)
Kenner

7B. PARISH
Jefferson

7C. STATE
Louisiana

7E. IS RESIDENCE INSIDE CITY LIMITS? Yes ☒

7D. STREET ADDRESS—(IF RURAL INDICATE LOCATION)
2408  24th Street

**FATHER OF CHILD**

8A. FULL NAME OF FATHER
Carl Sylvester Bagnel

8B. STATE OF BIRTH (IF NOT IN U.S.A., NAME COUNTRY)
Louisiana

8C. AGE (AT TIME OF THIS BIRTH)
29

8D. COLOR OF FATHER
White

**MOTHER OF CHILD**

9A. FULL MAIDEN NAME OF MOTHER
Gail Ann Navarro

9B. STATE OF BIRTH (IF NOT IN U.S.A., NAME COUNTRY)
Louisiana

9C. AGE (AT TIME OF THIS BIRTH)
23

9D. COLOR OF MOTHER
White

**INFORMANT'S CERTIFICATION**

I certify that the above stated information is true and correct to the best of my knowledge.

10. SIGNATURE OF PARENT OR OTHER INFORMANT
*Gail Navarro Bagnel*
Parent ☐ Mother ☐

7006 V

11. DATE OF SIGNATURE
July 8, 1969

12. MOTHER'S MAILING ADDRESS
2408  24th Street, Kenner, Louisiana

**ATTENDANT'S CERTIFICATION**

I certify that I attended this birth and that the child was born alive on the date stated above.

13. SIGNATURE OF ATTENDANT
*Elwin Ball*
M.D. ☐ Midwife ☐ Other ☐

14. DATE OF SIGNATURE
July 8, 1969

**REGISTRAR'S CERTIFICATION**

15. DATE ACCEPTED BY LOCAL REGISTRAR
July 15, 1969

16. SIGNATURE OF LOCAL REGISTRAR
*Hilda Reynaud, M.D. per C. Hebert*

17. DATE FILED BY STATE REGISTRAR
JUL 21 1969

CONFIDENTIAL INFORMATION FOR MEDICAL AND HEALTH USE ONLY

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE DULY REGISTERED WITH THE LOUISIANA STATE DEPARTMENT OF HEALTH, BUREAU OF VITAL STATISTICS.

*Andrew Hedmeg M. D.*
ACTING STATE HEALTH OFFICER

*Anthony Guaccio*
STATE REGISTRAR

Sept. 30, 1969

1.     Anco Insulations, Inc.
    a domestic corporation duly organized, created and existing under and by virtue
    of the laws of the state of Louisiana, with its principal place of business in Baton
    Rouge, Louisiana and with an agent for service, to-wit: **Thomas E. Balhoff, 8440
    Jefferson Highway, Suite 301, Baton Rouge, LA 70809**

2.     Owens-Illinois, Inc.
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Ohio, with its principal place of business in Shreveport,
    Louisiana and with an agent for service, to-wit: **via the Louisiana Long Arm
    Statute at its Corporate Headquarters, One Seagate, Toledo, OH 43666**

3.     Commercial Union Insurance Company
    (as in the insurer of the deceased Executive Officer of Avondale Industries, Inc.
    John Chantrey, James O'Donnell, George Kelmell, Hettie Margaret Dawes-Eaves,
    Ollie Gatlin and Henry "Zac" Carter, and Peter Territo (For Service of Process via
    the Direct Action Statute L.R.S. 22:655)
    **Through the Louisiana Secretary of State
    8549 United Plaza Boulevard
    Baton Rouge, LA 70809**

4.     Eagle, Inc.
    (Formerly Eagle Asbestos & Packing Co., Inc.
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in New
    Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
    **Susan B. Kohn, 1100 Poydras Street, 30th Floor, New Orleans, LA 70163**

5.     Hopeman Brothers, Inc.
    a Delaware Corporation authorized to do and doing business in Louisiana, with
    its principal place of business in New Orleans, Louisiana, and with an agent for
    service in the state of Louisiana, to-wit: **C T Corporation System, 8550 United
    Plaza Boulevard, Baton Rouge, LA 70809**

6.     The McCarty Corporation
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in Baton Rouge,
    Louisiana and with an agent for service in the state of Louisiana, to-wit: **Paul H.
    Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802**

7.     Northrop Grumman Ship Systems, Inc.
    (f/k/a Avondale Industries, Inc.)
    a domestic corporation duly organized, created and existing under and by virtue
    of the laws of the state of Louisiana, with its principal place of business in
    Avondale, Louisiana and with an agent for service, to-wit: **CT Corporation
    System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

8.     Reilly-Benton Co., Inc.
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in Jefferson,
    Louisiana and with an agent for service in the State of Louisiana, to-wit: **Thomas
    L. Cougill, C/O Beason-Willingham, LLP, 8550 United Plaza Blvd., Ste. 702, Baton
    Rouge, La 70809**

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 28 of 36

9.  **Riley Power, Inc.**
    (f/k/a Babock Borsig Power, Inc., DB Riley, Inc., f/ka Riley Stoker Corporation)
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in Baton Rouge,
    Louisiana and with an agent for service in the State of Louisiana, to-wit:
    **Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802**

10. **Viacom, Inc.**
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of New York, with its principal place of business in Harahan,
    Louisiana and with an agent for service in the state of Louisiana, to-wit:
    **Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802**

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 29 of 36

CONTRACTORS:

1.  Anco Insulation, Inc.
    a domestic corporation duly organized, created and existing under and by virtue
    of the laws of the state of Louisiana, with its principal place of business in Baton
    Rouge, Louisiana and with an agent for service, to-wit:  Thomas E. Balhoff, 8440
    Jefferson Highway, Suite 301, Baton Rouge, LA 70809

2.  Eagle, Inc.
    (Formerly Eagle Asbestos & Packing Co., Inc.
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in New
    Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit:
    Susan B. Kohn, 1100 Poydras Street, 30th Floor, New Orleans, LA 70163

3.  Hopeman Brothers, Inc.
    a Delaware Corporation authorized to do and doing business in Louisiana, with
    its principal place of business in New Orleans, Louisiana, and with an agent for
    service in the state of Louisiana, to-wit:  C T Corporation System, 8550 United
    Plaza Boulevard, Baton Rouge, LA 70809

4.  The McCarty Corporation
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in Baton Rouge,
    Louisiana and with an agent for service in the state of Louisiana, to-wit:  Paul H.
    Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802

5.  Riley Power, Inc.
    (f/k/a Babock Borsig Power, Inc., DB Riley, Inc., f/ka Riley Stoker Corporation)
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in Baton Rouge,
    Louisiana and with an agent for service in the State of Louisiana, to-wit:
    Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802

6.  Viacom, Inc.
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of New York, with its principal place of business in Harahan,
    Louisiana and with an agent for service in the state of Louisiana, to-wit:
    Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802

7.  Reilly-Benton Co., Inc.
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Louisiana, with its principal place of business in Jefferson,
    Louisiana and with an agent for service in the State of Louisiana, to-wit:  Thomas
    L. Cougill, C/O Beason-Willingham, LLP, 8550 United Plaza Blvd., Ste. 702, Baton
    Rouge, La 70809

8.  Owens-Illinois, Inc.
    a corporation duly organized, created and existing under and by virtue of the
    laws of the state of Ohio, with its principal place of business in Shreveport,
    Louisiana and with an agent for service, to-wit:  via the Louisiana Long Arm
    Statute at its Corporate Headquarters, One Seagate, Toledo, OH 43666

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 30 of 36

<u>EXHIBIT "D"</u>

**EMPLOYERS/EMPLOYERS' EXECUTIVE OFFICERS AND DIRECTORS:**

1.  NORTHROP GRUMMAN SHIP SYSTEMS, INC.
    (f/k/a Avondale Industries, Inc.)
    a domestic corporation duly organized, created and existing under and by virtue
    of the laws of the state of Louisiana, with its principal place of business in
    Avondale, Louisiana and with an agent for service, to-wit:
    CT Corporation System
    8550 United Plaza Blvd.,
    Baton Rouge, LA 70809

2.  JAMES O' DONNELL, Deceased
    *c\o Avondale Insurer HIGHLANDS INSURANCE COMPANY*
    (via the Louisiana Long Arm Statute)
    Through the secretary of state at its corporate headquarters:
    1 Beacon St.
    Allston, MA 02134

3.  JAMES O' DONNELL, Deceased
    *c\o Avondale Insurer COMMERCIAL UNION INSURANCE COMPANY*
    (via the Louisiana Long Arm Statute)
    Through the secretary of state at its corporate headquarters:.
    275 Phillips Blvd.
    Trenton, NJ 08618

4.  JAMES O' DONNELL, Deceased
    *c\o Avondale Insurer TRAVELERS INSURANCE COMPANY*
    (via the Louisiana Long Arm Statute)
    Through the secretary of state at its corporate headquarters:
    1 Tower Square
    Hartford, CT 06103

5.  JAMES O' DONNELL, Deceased
    *c\o Avondale Insurer AMERICAN MOTORS INSURANCE COMPANY*
    (via the Louisiana Long Arm Statute)
    1 Kemper Dr.
    Long Grove, IL 60049

6.  COMMERCIAL UNION INSURANCE COMPANY
    (as the insurer of the deceased Executive Officer of Avondale Industries, Inc.
    James O'Donnell,
    (For Service of Process via the Direct Action Statute L.R.S. 22:655)
    Through the Louisiana Secretary of State
    8549 United Plaza Boulevard
    Baton Rouge, LA 70809

7.  HIGHLANDS INSURANCE CO.
    (via the Louisiana Long Arm Statute)
    Through the secretary of state at its corporate headquarters:
    275 Philips Blvd.
    Trenton, NJ 08618

8.	ONEBEACON INSURANCE GROUP, L.L.C., individually and as successor by
	merger to Commercial Union Insurance Company
	(via the Louisiana Long Arm Statute)
	Through the secretary of state at its corporate headquarters:
	1 Beacon Street
	Allston, MA 02134

9.	THE TRAVELERS INSURANCE COMPANY
	(Via the Louisiana Long Arm Statute)
	Through the secretary of state at its corporate headquarters:
	1 Tower Square
	Hartford, CT 06104

10.	AMERICAN MOTORIST INSURANCE COMPANY
	(via the Louisiana Long Arm Statute)
	1 Kemper Dr.
	Long Grove, IL  60049

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 32 of 36

PREMISE DEFENDANTS:

1.    NORTHROP GRUMMAN SHIP SYSTEMS, INC.
       (f/k/a Avondale Industries, Inc.)
       a domestic corporation duly organized, created and existing under and by virtue
       of the laws of the state of Louisiana, with its principal place of business in
       Avondale, Louisiana and with an agent for service, to-wit:
       CT Corporation System
       8550 United Plaza Blvd.,
       Baton Rouge, LA  70809

24

PLEASE SERVE THE FOLLOWING
DEFENDANTS WITH A COPY OF
PLAINTIFFS' PETITION FOR DAMAGES:

1. THE MCCARTY CORPORATION
   Through its agent for service of process:
   Paul Spaht
   445 North Blvd., Suite 300
   Baton Rouge, LA 70802

2. ANCO INSULATIONS, INC.
   Through its agent for service of process:
   Tom Balhoff
   ROEDEL, PARSONS, HILL & KOCH
   8440 Jefferson Hwy., Ste. 301
   Baton Rouge, LA 70809

3. OWENS-ILLINOIS, INC.
   (via the Louisiana Long-Arm Statute)
   At its Corporate Headquarters:
   One Seagate
   Toledo, Ohio 43666

4. RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC.,
       f/k/a RILEY STOKER CORPORATION)
   Through its agent for service of process:
   C.T. Corporation Systems
   8550 United Plaza Boulevard
   Baton Rouge, LA 70809

5. REILLY-BENTON COMPANY, INC.
   Through its agent for service of process:
   Thomas L. Cougill,
   C/O Beason-Willingham, LLP
   8550 United Plaza Blvd., Ste. 702
   Baton Rouge, La 70809

6. HOPEMAN BROTHERS, INC.
   Through its agent for service of process:
   C.T. Corporation System
   8550 United Plaza Blvd.
   Baton Rouge, LA 70809

7. EAGLE, INC. (f/k/a Eagle Asbestos & Packing Co.)
   Through its agent for service of process:
   Susan B. Kohn
   1100 Poydras Street
   30th Floor
   New Orleans, LA 70163

8. VIACOM, INC. (individually and as successor-by-merger to CBS Corporation,
   successor-by-merger to Westinghouse Electric Corporation)
   Through its Registered Agent:
   Corporation Service Company
   320 Somerulos Street
   Baton Rouge, LA 70802

EMPLOYER DEFENDANTS:

9.    NORTHROP GRUMMAN SHIP SYSTEMS, INC., successor by merger to AVONDALE
      INDUSTRIES, INC.
      Through its agent for service of process:
      C. T. Corporation System
      8550 United Plaza Blvd.
      Baton Rouge, Louisiana 70809

10.   NORTHROP GRUMMAN SYSTEMS CORPORATION f/k/a NORTHROP GRUMMAN
      CORPORATION, successor by merger to AVONDALE INDUSTRIES, INC.
      Through its agent for service of process:
      C. T. Corporation System
      8550 United Plaza Blvd.
      Baton Rouge, Louisiana 70809

OFFICER AND DIRECTOR DEFENDANTS:

11.   JAMES O' DONNELL, Deceased
      c\o *Avondale Insurer HIGHLANDS INSURANCE COMPANY*
      (via the Louisiana Long Arm Statute)
      Through the secretary of state at its corporate headquarters:
      1 Beacon St.
      Allston, MA 02134

12.   JAMES O' DONNELL, Deceased
          c\o *Avondale Insurer COMMERCIAL UNION INSURANCE COMPANY*
      (via the Louisiana Long Arm Statute)
      Through the secretary of state at its corporate headquarters:
      275 Phillips Blvd.
      Trenton, NJ 08618

13.   JAMES O' DONNELL, Deceased
          c\o *Avondale Insurer TRAVELERS INSURANCE COMPANY*
      (via the Louisiana Long Arm Statute)
      Through the secretary of state at its corporate headquarters:
      1 Tower Square
      Hartford, CT 06103

14.   JAMES O' DONNELL, Deceased
          c\o *Avondale Insurer AMERICAN MOTORS INSURANCE COMPANY*
      (via the Louisiana Long Arm Statute)
      1 Kemper Dr.
      Long Grove, IL 60049

15.   COMMERCIAL UNION INSURANCE COMPANY
          (as the insurer of the deceased Executive Officer of Avondale Industries, Inc.
          James O'Donnell)
      (For Service of Process via the Direct Action Statute L.R.S. 22:655)
      Through the Louisiana Secretary of State
      8549 United Plaza Boulevard
      Baton Rouge, LA 70809

*Insurance Carriers for Defendant Avondale:*

16.   HIGHLANDS INSURANCE CO.
      (via the Louisiana Long Arm Statute)
      Through the secretary of state at its corporate headquarters:
      275 Philips Blvd.
      Trenton, NJ 08618

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 35 of 36

17.   ONEBEACON INSURANCE GROUP, L.L.C., individually and as successor by merger to
      Commercial Union Insurance Company
      (via the Louisiana Long Arm Statute)
      Through the secretary of state at its corporate headquarters:
      1 Beacon Street
      Allston, MA 02134

18.   THE TRAVELERS INSURANCE COMPANY
      (Via the Louisiana Long Arm Statute)
      Through the secretary of state at its corporate headquarters:
      1 Tower Square
      Hartford, CT 06104

19.   AMERICAN MOTORIST INSURANCE COMPANY
      (via the Louisiana Long Arm Statute)
      1 Kemper Dr.
      Long Grove, IL  60049

Case 3:08-cv-00315-FJP-DLD   Document 1-1   05/23/08   Page 36 of 36